UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

FILED
CLERK
9/29/2026 1:06 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

---------------------------------------------------------------------X

Y.E. and M.K. individually, and on behalf of their child, M.K., a minor,

Plaintiffs,

-against-

HEWLETT WOODMERE UNION FREE SCHOOL DISTRICT,

Defendant.

---------------------------------------------------------------------X

**ORDER**
25-cv-01481 (JMA) (JMW)

**AZRACK, United States District Judge:**

On March 17, 2025, Plaintiffs Y.E. and M.K., individually and on behalf of their minor child, M.K., initiated this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., against the Defendant, Hewlett Woodmere Union Free School District. (ECF No. 1 ("Compl.").) Plaintiffs seek to set aside the December 9, 2024 decision of the New York State Education Department Office of State Review ("SRO"), which determined that Defendant had offered M.K. a Free Appropriate Public Education ("FAPE") for the 2021–22, 2022–23, and 2023–24 school years and, therefore, denied the Plaintiffs' request to be reimbursed for the cost of M.K.'s tuition at, and roundtrip transportation to, Imagine Academy for the 2023–24 year. (ECF No. 1.)

On February 13, 2026, Plaintiffs filed a Motion for Judgment on the Pleadings, (ECF No. 25), which they subsequently amended on May 4, 2026, (ECF No. 29). On February 13, 2026, Defendant filed a Motion for Summary Judgment. (ECF No. 27.) On May 26, 2026, the Court referred the motions to Magistrate Judge James M. Wicks for a Report and Recommendation ("R&R"). (Elec. Order dated May 26, 2026.)

Judge Wicks issued an R&R dated July 30, 2026 (the "R&R"), which recommends that Plaintiffs' original motion, (ECF No 25), be denied as moot; that Plaintiffs' amended motion for judgment on the pleadings, (ECF No. 29), be denied; and that Defendant's motion for summary judgment, (ECF No. 27), be granted. (ECF No. 31 ("R&R").) Plaintiffs filed timely objections to the R&R on September 3, 2026. (ECF No. 34 ("Objection").) Defendant filed a response on September 1, 2026. (ECF No. 35.) For the reasons stated below, the Court adopts the R&R's recommendation, denies Plaintiffs' motions for judgment on the pleadings, and grants Defendant's motion for summary judgment.

After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Judge Wicks's R&R in its entirety as the opinion of the Court.

## I. LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see also Fed. R. Civ. P. 72(b)(3) (similar); United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a Report and Recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

## II. DISCUSSION

Having undertaken a de novo review of the record, the R&R, the objections, and the opposition, the Court denies Plaintiffs' objections and adopts the R&R.

Plaintiffs argue in their objection that the R&R erred by:

- (1) finding that it was permissible for the SRO to credit the testimony of District witness Margaret Owen, which Plaintiffs argue was retrospective, and to exclude the testimony of Plaintiff witness Nicole Iannarone, which Plaintiffs argue was prospective, (Objection at 2–9);

- (2) concluding that the District had offered M.K. a FAPE for the 2023–24 school year because, Plaintiffs argue, the District's Individualized Education Program ("IEP") did not provide for proper ABA instruction, (Objection at 9–11);

- (3) concluding that the District had offered M.K. a FAPE for the 2021–22 and 2022–23 school years because the District did not show that it had assessed M.K.'s potential for growth or that M.K. had made appropriate progress in light of his circumstances, (Objection at 11–14); and

- (4) declining to consider Prongs 2 and 3 of the Burlington/Carter test, (Objection at 14–15).

The first three of these objections reiterate Plaintiffs' previous arguments in their briefing on the pending motions, (see ECF No. 27-4; ECF No. 29-2), and were already addressed at length in the R&R. (See R&R at 21–22, 25–26 (analyzing Owen's and Iannarone's testimony and concluding Owen's merely described what was already outlined in the IEP, whereas Iannarone's was improper retrospective critique); R&R at 20–26 (discussing the June 2023 IEP's incorporation of M.K.'s doctor's recommendations and clarifying testimony showing how the IEP incorporated ABA-type methodologies, as well as the September 2023 IEP's responsiveness to Plaintiffs' continued concerns about the June 2023 IEP); R&R at 17–20 (discussing evidence in the record showing that M.K. made more than minimal progress under his 2021–22 and 2022–23 IEPs).) Having considered the full record, the Court denies those objections for the reasons articulated in Judge Wicks's R&R.

As for Plaintiffs' argument that the R&R erred by not addressing the second and third prongs of the Burlington/Carter test, the Court concludes that it is not necessary to address the second and third prongs of that test because Plaintiffs' argument failed on the first prong. (See R&R at 26.)

## III. CONCLUSION

For the foregoing reasons, the Court adopts the R&R in its entirety as the opinion of the Court. Accordingly, the Court denies Plaintiffs' motions for judgment on the pleadings, (ECF Nos. 25, 29), and grants Defendant's motion for summary judgment, (ECF No. 27). The Clerk of the Court is respectfully directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: September 29, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE